UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

RONNIE VAUGHN,              :
                           :
          Petitioner       :      No. 1:16-CV-00181
                           :
     vs.                   :      (Judge Kane)
                           :
WARDEN C. MAIORANA,        :
                           :
          Respondent       :

MEMORANDUM

## Background

On February 2, 2016, Ronnie Vaughn, an inmate at the United States Penitentiary at Canaan, Waymart, Pennsylvania ("USP-Canaan") filed a petition and an amended petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, in which he challenges aspects of a sentence imposed on December 6, 1996, by the Superior Court of the District of Columbia. (Doc. Nos. 1, 2.) Vaughn names the warden of USP-Canaan as the Respondent. Id.  Vaughn paid the $5.00 filing fee.

Vaughn's petition and amended petition are somewhat vague but it appears he claims that the Superior Court imposed an aggregate sentence of imprisonment of 20 years to life for several offenses, including second-degree murder. Id.  He further contends that the sentence is not in conformity with D.C. Code § 24-203(a) which he claims "provides the general parole term rules that the court must follow for imposing a minimum term, which may not exceed one-third of the maximum sentence, for a felony and

which further states that the minimum term set for a life sentence shall not exceed fifteen years." (Doc. No. 2, at 2.)

The petition will now be given preliminary consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254, as made applicable to § 2241 cases by Rule 1 thereof.[1] For the reasons set forth below, the petition will be dismissed summarily.

Discussion

Vaughn's petition, the amended petition and the docket of the Superior Court of the District of Columbia[1] reveals that on October 9, 1996, Vaughn was found guilty by a jury of second-degree murder while armed, possession of a firearm during a crime of violence and carrying a pistol without a license in connection with the murder of an individual by the name of Allan Johnson. Vaughn was also convicted of assault with a dangerous weapon and possession of firearm during a crime of violence in connection

---

1.   Rule 4 states in pertinent part that "[t]he clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ." A district court may take judicial notice of proceedings in another court. See United States v. Wilson, 631 F.2d 118 (9th Cir. 1980); Hayes v. Woodford, 444 F.Supp.2d 1127, (S.D. Cal. 2006)("[F]ederal courts may take judicial notice of other courts' proceedings, within the federal judiciary and without, if the proceedings directly relate to the matter before the court.").

1.   District of Columbia Courts, Court Cases Online, United States v. Ronnie Vaughn, 1995 FEL 010519, https://www. dccourts.gov/cco/maincase.jsf (Last accessed March 22, 2016).

with the shooting of an individual by the name of Shante Lee.   On December 6, 1996, Judge Noel Kramer of the Superior Court imposed the following sentences:

> 1) 15 years to life for second-degree murder (victim Allan Johnson);
>
> 2) a consecutive 5 (mandatory minimum) to 15 years for possession of a firearm during the commission of a crime of violence (victim Allan Johnson);
>
> 3) concurrent 20 months to 5 years for carrying a pistol without a license (victim Allan Johnson);
>
> 4) concurrent 3 to 9 years for assault with a dangerous weapon (victim Shante Lee); and
>
> 5) concurrent 5 to 15 years for possession of firearm during a crime of violence (victim Shante Lee).

(Doc. No. 6, at 1-4.)   On September 14, 1998, the District of Columbia Court of Appeals affirmed Vaughn's convictions in an unpublished Memorandum Opinion and Judgment. Id. at 4.

After 16 years had elapsed, on November 12, 2014, Vaughn filed in the District of Columbia Superior Court a motion to correct an illegal sentence.  Id. at 1, 7.  Vaughn in that motion claimed that his sentence was illegal based on Miller v. Alabama, 132 S.Ct. 2455 (2012).[2] Id.  On March 19, 2015, the Superior Court denied Vaughn's motion. Id.  The Superior Court stated that Miller was not applicable because Vaughn "did not receive a sentence of life imprisonment without the possibility of parole, let alone a mandatory sentence for such a term[.]" (Doc. No. 6-1, at 3.)

_____

2.   The Supreme Court in Miller held that the Eighth Amendment prohibits mandatory sentences of life imprisonment without the possibility of parole for a juvenile offender. 132 S.Ct. at 2465.

Vaughn did not file an appeal to the District of Columbia Court of Appeals. (Doc. No. 6, at 1-2.)

On July 22, 2015, Vaughn filed motion to correct an illegal sentence pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure.[3] (Doc. No. 6, at 7.)  Vaughn claimed that his sentence was illegal because the 20 year minimum term on his second-degree murder conviction exceeded the 15-year cap on minimum terms provided by D.C. Code § 24-203(a). Id.  The Superior Court on October 7, 2015, denied Vaughn's motion. Id. at 3-5.  In so doing the Superior Court stated as follows:

> D.C. Code Section 22-2404(c) which was in effect at the time [Vaughn] murdered Allen Johnson, explicitly states that when a defendant received a maximum sentence of life imprisonment for second-degree murder, the "minimum sentence imposed . . . shall not exceed 20 years imprisonment."  Furthermore, this section trumps any inconsistent sentencing provision, such as D.C. Code § 24-203(a), because it explicitly states it applies whenever a defendant receives a maximum term of life imprisonment for second-degree murder "[n]otwithstanding any other provision of law."  Thus, even if Judge Kramer had imposed a minimum term of 20 years' imprisonment for [Vaughn's] second-degree murder conviction, such a sentence would not have been illegal.

> More importantly, however, Judge Kramer did not impose a minimum term of 20 years' imprisonment for [Vaughn's] second-degree murder conviction. Rather, as stated above, she imposed a minimum term of 15 years' imprisonment for this conviction.

---

3.  Rule 35(a) provides as follows: "(a)Correcting Clear Error. Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."

Id. at 4-5.  Vaughn did not file an appeal to the District of Columbia Court of Appeals. Id. at 1-2.

On November 10, 2015, Vaughn filed in the Superior Court of the District of Columbia a document entitled "Amended Motion of Habeas Corpus to Correct an Illegal Sentence."  Id. at 1.  By order of January 19, 2016, the Superior Court construed the document as a successive Rule 35(a) motion and denied it. Id. at 1, 6-8.  Specifically, the Superior Court stated as follows:

> The Court does not agree with the Government that [Vaughn's] latest motion is a habeas petition challenging the execution of his sentence and therefore should be dismissed based on lack of jurisdiction. To the contrary, it appears [Vaughn] is yet again challenging the legality of the sentence imposed by Judge Kramer, and appears to again be arguing that this illegal sentence is precluding him from being considered for parole.  Therefore, the Court will not dismiss the motion for lack of jurisdiction.
>
> Nonetheless, the Court will deny the motion because it is a successive Rule 35(a) motion that merely repeats the arguments that this Court has previously rejected, and offers no material change in circumstances that would justify reconsideration.

Id. at 8.  Vaughn did not file an appeal to the District of Columbia Court of Appeals.  Id. at 1.  Instead on February 2, 2016, he filed the present § 2241 habeas petition in this court which raises the same issues which have been rejected by the Superior Court of the District of Columbia.

It is well-established that a collateral challenge to a District of Columbia offender's conviction or sentence is to be brought pursuant to D.C. Code. § 23-110 and filed in the Superior Court of the District of Columbia.  Swain v. Pressley, 430 U.S.

372, 375 (1977).  Specifically, § 23-110(a) provides the following remedy:

> (a) A prisoner in custody under sentence of the Superior Court claiming the right to be released upon the ground that (1) the sentence was imposed in violation of the Constitution of the United States or the laws of the District of Columbia, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, [or] (4) the sentence is otherwise subject to collateral attack, may move the court to vacate, set aside, or correct the sentence.

Thus, prisoners serving sentences imposed by the Superior Court must file motions challenging their sentence in that court; federal courts are generally without jurisdiction to entertain motions to vacate, set aside, or correct a sentence imposed by the District of Columbia Superior Court.  <u>Swain</u>, 430 U.S. at 377-78. D.C. Code  § 23-110 further states that District of Columbia prisoners are precluded from bringing habeas claims in federal court unless the local remedy is inadequate or ineffective.  <u>See</u> <u>Swain</u>, 430 U.S. at 377-78; <u>Garris v. Lindsay</u>, 794 F.2d 722, 725 (D.C.Cir. 1986).  Specifically, that provision states as follows:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by the Superior Court or by any Federal or State court if it appears that the applicant has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code  § 23-110(g).

Section 23-110 is not inadequate or ineffective simply because the inmate is prevented from using the remedy multiple times to litigate or re-litigate a claim or because the relief sought was denied. Wilson v. Office of the Chairperson, 892 F.Supp. 277, 280 (D.D.C. 1995); Perkins v. Henderson, 881 F.Supp. 55, 60 n.5 (D.D.C. 1995); Garris v. Lindsay, 794 F.2d 722, 727 (D.C.Cir. 1986).  "The determination of whether the remedy available to a prisoner under § 23-110 is inadequate or ineffective hinges on the same considerations enabling federal prisoners to seek habeas review.  28 U.S.C. § 2255 and D.C. Code § 23-110 are coextensive.  A petitioner may not complain that the remedies provided him by D.C. Code § 23-110 are inadequate merely because he was unsuccessful when he invoked them.  'It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative.' Garris, 794 F.2d at 727; see also David v. Briggs, Civ.A.No. 90-2731, 1991 WL 21563, at *3 (D.D.C. Feb. 14, 1991)('[T]he focus is on the efficacy of the remedy itself, and a federal court will therefore have jurisdiction only in extraordinary cases, especially given the similarity between the D.C. and federal habeas remedies.')."

In the present § 2241 habeas petition, Vaughn is again claiming that he received an illegal sentence.  There is no indication that he filed a petition or motion under D.C. Code § The mere fact that Vaughn requested relief under Rule 35(a) and has been repeatedly denied does not indicate that the § 23-110

remedy is inadequate or ineffective.  Courts have consistently acknowledged that only in "extraordinary cases" will federal court have jurisdiction over habeas petitions filed by an individual convicted and sentenced in the District of Columbia and this court discerns no extraordinary circumstances.  Consequently, since § 23-110 is not an inadequate or ineffective remedy to challenge the sentence imposed by the District of Columbia Superior Court, Vaughn's § 2241 habeas petition filed in this district will be dismissed.

Finally, because Vaughn is not detained because of process issued by a state court and the petition is not brought pursuant to 28 U.S.C. § 2255, no action by this court with respect to a certificate of appealability is necessary.

An appropriate order will be entered.